IN RE PETITION OF ALFRED B. PHILLIPS FOR THE RELEASE
    FROM THE CUSTODY OF THE FERRIS INDUSTRIAL SCHOOL
    OF CARL MARSHALL PHILLIPS.

*Habeas Corpus—Municipal Court ; Proceedings of—Jurisdiction—
    Ferris Industrial School ; Commitment to—Statute.*

1.   While want of jurisdiction, upon a *habeas corpus* application, in relation to
proceedings under *Chap. 495, Vol. 17, Laws of Delaware,* might be a sufficient
ground for discharge, yet a defect in the commitment, or any other mere irregularity
in the proceedings of the Court, is not such a ground.

2.   The said act having provided for an appeal in cases of commitment to the
Ferris Industrial School, to the resident Judge of the county, it was clearly not the
intention of the Legislature that in *habeas corpus* proceedings advantage should be
taken of matters of irregularity, or that there should be any hearing upon the merits
of the case at all.   The sworn allegations, however, must show that the case was
within the jurisdiction of the Court making the commitment.

3.   In view of the affidavit which disclosed the facts, and of the action of the
Municipal Judge, being a sworn judicial officer, and having all the jurisdictional facts
presented to him, it will be presumed that the commitment was legal ; even though it
does not set forth the judgment found by the Court on those jurisdictional facts.

(*October 22, 1904.*)

JUDGES GRUBB and PENNEWILL, sitting.

*L. Irving Handy* for petitioner.

*J. Frank Ball* for respondent.

Superior Court, New Castle County, September Term, 1904.

HABEAS CORPUS.

The petition was as follows :

" To the Superior Court of the State of Delaware sitting in
and for New Castle County, September Term, 1904.

RECORD.

"The petition of Alfred B. Phillips respectfully represents:

That your petitioner's son, Carl Marshall Phillips, aged fourteen years, is illegally imprisoned and illegally restrained of his liberty by Warren McClellan, Acting Superintendent of the Ferris Industrial School, in New Castle County and State of Delaware; that said Carl Marshall Phillips is so imprisoned and restrained of his liberty at the said Industrial School in New Castle County aforesaid; and that the cause of said imprisonment is, to the best of your petitioner's knowledge, the illegal commitment of said Carl Marshall Phillips by the Municipal Court of the City of Wilmington to the custody of the Board of Managers of said Ferris Industrial School; and your petitioner annexes hereto and exhibits a copy of the commitment whereon said Carl Marshall Phillips is so held and imprisoned. Wherefore your petitioner prays that a writ of *habeas corpus* may be granted and directed to said Warren McClellan, Acting Superintendent of said Ferris Industrial School, commanding him to have the body of said Carl Marshall Phillips before your honorable Court at a time therein to be specified, to the end that he may be discharged from custody.

ALFRED B. PHILLIPS,
*Petitioner.*"

(The above petition was duly sworn to in the usual form before a Notary Public.)

COMMITMENT.

"STATE OF DELAWARE, } ss.
NEW CASTLE COUNTY. }

The State of Delaware, to George Black, High Constable of the City of Wilmington, and to the Managers of the Ferris Industrial School. This is to command you, the said George Black, forthwith to convey and deliver into the custody of the Managers of the Ferris Industrial School the body of Carl Marshall Phillips, charged before me, Philip L. Garrett, Deputy Judge of the Municipal Court of the City of Wilmington, on oath of

William P. McCracken, with being a vagrant, and the said Managers of the Ferris Industrial School are hereby authorized to receive and keep the said Carl Marshall Phillips under their care and custody until thence delivered according to the rules and regulations of said Ferris Industrial School.

Given under my hand and seal this third day of June, A. D. 1904.

P. L. GARRETT,

*Judge of the Municipal Court."*

[SEAL.]

"The above is a true copy of the commitment of Carl Marshal Phillips to the Ferris Industrial School, as the same remains among the records of said school.

WARREN McCLELLAN,

*Acting Supt."*

Oct. 8, 1904.

The body of the said Carl Marshall Phillips being produced, upon the order of the Court, in accordance with the prayer of the above petition, Mr. Handy, attorney for the petitioner, moved that the said Carl Marshall Phillips be discharged from the custody of the said Ferris Industrial School on the following grounds : " That the commitment which accompanies said return and which is alleged by said return to be the cause of the detention of the said Carl Marshall Phillips is not issued in pursuance of any finding or adjudgment of said Municipal Court."

GRUBB, J.:—Although we might hold the want of jurisdiction, upon a *habeas corpus* application in relation to proceedings under this particular act, to be sufficient ground for discharge, yet we do not consider a defect in the commitment, or any other mere irregularity in said proceedings, such a ground.

Objection is made by the petitioner to the regularity of this commitment; that the commitment does not set forth expressly the judgment or finding of the Municipal Court concerning the charge upon which the commitment is based. We do not regard this such

a defect as this Court, under this particular act, should make a ground for granting the petition for the discharge of the child from the custody of the Ferris Industrial School.

Under this Act (*Chap. 495, Vol. 17, Laws of Del.,*) application is first made to the Municipal Court, a Justice of the Peace, or the Court of General Sessions, for the commitment to said school. The framers of this statute manifestly considered that the Municipal Court might commit error or an arbitrary act of injustice, and therefore, by the provisions of the act, the Legislature took the precaution to provide that the Municipal Judge or Justice of the Peace should not have the sole and exclusive determination of the question as to whether a child should be taken from its parent and committed to said institution.

Therefore it provided a Court of Appeal—the resident Judge of the county, a Judge of the highest Court of the State—who shall rehear the case; not merely upon the testimony taken or recorded below, but upon any evidence that either he or the representatives of the child should think necessary for justice in the case; and who shall make his determination accordingly, either to remand to custody or to discharge.

That provision having been made, under this act, Judge Pennewill and I consider that it was not the intention of the framers of this act, or of the Legislature which passed it, that on *nabeas corpus* we should in this Court take jurisdiction of matters of irregularity or go into a hearing upon even the merits of the case at all. Of course if it plainly appeared to us and was clearly manifest that the Court below had no jurisdiction at all—that a case was not brought before it upon allegations of fact which brought it within the jurisdictional grounds prescribed by the statute—we might, on *habeas corpus*, take hold of, consider and adjudge the matter and discharge the child from said industrial school and not remand it. But we have not such a case here. We have here the affidavit made by William P. McCracken, the agent, setting forth specifically every ground for the commitment to said school, and, in the language of the act, that the said Carl Marshall Phillips was

incorrigible and that his parents could not exercise authority or control over him. Those sworn allegations brought the case fully within the jurisdiction of the Municipal Court; they being all the jurisdictional facts necessary to be presented to the Municipal Court for its consideration and action. It is true that this commitment does not set forth the judgment found by the Court on those jurisdictional facts, but it does show that the case was before the Municipal Court under the above charge with all of those jurisdictional facts alleged in the affidavit supporting said charge, and it also shows that the Municipal Judge acted thereon. It further shows that he signed this commitment and that the seal of the Court is affixed thereto. We say, in view of that affidavit and of the action of the Municipal Court under this particular act, that we will presume that the Municipal Judge, being a sworn judicial officer, having all the jurisdictional facts thus presented to him, and having made out the commitment performed his duty and did find the essential facts to warrant him under the law in committing, and that he followed the law and obeyed the law. And we will consider that presumption a conclusive one in the case now before us and will not entertain the vague and immaterial testimony of Mr. Winchester offered before us here to impeach or contradict what the record from the Court below shows, and the just, fair and legal inference which we draw from it.

Therefore we order that this child be remanded to the custody of the Managers of the Ferris Industrial School, and we dismiss the petition and put the costs upon the county.

We will here observe that in reaching this conclusion we have considered *habeas corpus* procedure in its relation only to cases arising under *Chapter 495, Volume 17, Laws of Delaware (Rev. Code, 356).*